■ ROBERT D. ROBINSON, Respondent, v MICHAEL KLEIN, Appellant.— Appeal from a judgment of the Supreme Court, entered May 3, 1977 in Washington County, upon a verdict rendered at a Trial Term in favor of plaintiff. This is an action by plaintiff landlord for unpaid rent. Following a jury trial, the court directed a verdict in favor of plaintiff. This appeal ensued. There is no substantial dispute as to the facts. Plaintiff landlord entered into a lease agreement with defendant, as tenant, for the period September 30, 1972 to October 1, 1973. While defendant signed the lease and concededly was responsible for the rent during the term of the lease, his corporation, Tapas, Inc., went into possession and actually paid the rent by corporate check. Plaintiff acquiesced in this arrangement. Tapas vacated the premises on April 1, 1975. The unpaid rent is for the period subsequent to October 1, 1973. The lease was never renewed. Defendant urges reversal contending he was not liable for rent after the lease expired since he neither occupied the premises nor tendered the rent. We disagree. Concededly, there was no change in the manner of occupancy or payment of rent during the period of time covered by the written lease as compared with the period of time subsequent thereto. Furthermore, the record reveals that both parties dealt with each other as individuals and plaintiff looked at all times to defendant for the rent. The cases relied upon by defendant are factually distinguishable. The judgment should be affirmed. Judgment affirmed, with costs. Greenblott, J. P., Sweeney, Main, Mikoll and Herlihy, JJ., concur.